UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WENDY D. ADAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CV-0470-CVE-PJC |
| ) | |
| CLINGMAN, Administration, State of ) | |
| Oklahoma Worker's Compensation Court, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On August 15, 2005, plaintiff, Wendy D. Adamson, filed a motion for leave to proceed in forma pauperis (Dkt. # 2). Upon review of the financial affidavit, the Court granted plaintiff leave to file this action in forma pauperis (Dkt. # 9). However, the Court is, sua sponte under 28 U.S.C. § 1915(e), dismissing the case for failure to state a claim upon which relief may be granted. In addition, certain defendants, as specified below, are entitled to immunity while other defendants are not state actors for purposes of 42 U.S.C. § 1983. Finally, this action is barred by the statute of limitations.

I.

In her present complaint, Adamson names the following defendants: J.L. Franks ("Franks"), Attorney at Law; Dennis F. Seacat ("Seacat"), Attorney at Law; Don Wyatt ("Wyatt"), Attorney at Law; John MacKenzie ("MacKenzie"), Attorney at Law; Michael Clingman ("Clingman"), former administrator for the Oklahoma Worker's Compensation Court; and Ben P. Choate, Jr. ("Choate"), former judge for the Oklahoma Worker's Compensation Court. All parties were involved in plaintiff's 1991 worker's compensation claim. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, alleging violations of her constitutional rights. Construing plaintiff's allegations liberally, see Hall

v. Bellmon, 935 F.2d 1106, 1100 (10th Cir. 1991), plaintiff claims that defendants denied her a fair trial in violation of the Sixth and Fourteenth Amendments. Plaintiff also claims that defendants' conduct violated the Fifth and Seventh Amendments. In her request for relief, plaintiff asks for "one million dollars from each defendant's [sic] for injurys [sic] and damages" (Dkt. # 1, at 4) for a total request of $6,000,000.00.

Plaintiff's complaint concerns the administration of her worker's compensation claim that arose from work-related injuries sustained in September 1991 while driving a truck through Oklahoma. At the time of the accident, plaintiff was behind the wheel and her former husband, Herman L. Adamson, was her co-driver. Consequently, both plaintiff and her former husband hired attorneys and filed for worker's compensation. Plaintiff hired defendant Seacat to assist her in filing for worker's compensation. Seacat filed paperwork in the Oklahoma Worker's Compensation Court. Defendant MacKenzie was counsel for plaintiff's employer and their insurance company. Defendant Clingman was the administrator for the Oklahoma Worker's Compensation Court. Defendant Choate was a judge for the Oklahoma Worker's Compensation Court and took jurisdiction over the matter. Over the course of her efforts to obtain compensation, plaintiff retained the counsel of Wyatt in 1993 and Franks in 1994. On April 18, 1994, Judge Choate ordered plaintiff's employer or its insurance carrier to pay plaintiff all reasonable and necessary medical expenses incurred as a result of the work-related injury.

Plaintiff filed this complaint after her former husband, Herman L. Adamson, filed suit in the U.S. District Court for the District of Nevada against persons involved in his 1991 worker's compensation claim. On January 25, 2005, that court dismissed Mr. Adamson's complaint for improper venue (Dkt. # 1, at 23-24). Thereafter, both Mr. Adamson and plaintiff filed separate suits

in this Court alleging that judges, attorneys, and administrators involved in the legal aftermath of the Adamsons' September 1991 accident had violated their constitutional rights.

## II.

When a complaint is filed in forma pauperis, the Court may test the complaint under 28 U.S.C. § 1915(e)(2). The complaint may be subject to summary dismissal if it fails to state a claim on which relief may be granted, seeks monetary relief against a defendant who is immune from such relief, or is found to be frivolous. Id. As the Supreme Court explained in Neitzke v. Williams, 490 U.S. 319 (1989), section 1915

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit, . . . and claims of infringement of a legal interest which clearly does not exist . . .

Id. at 327 (internal citation omitted). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed to be true and construed in a light most favorable to plaintiff. Hall, 935 F.2d at 1109. The Court also recognizes that pro se complaints are held to less stringent standards than pleadings drafted by lawyers and the Court must construe them liberally. Jones v. Cowley, 28 F.3d 1067, 1069 (10th Cir. 1994) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Nevertheless, after construing plaintiff's complaint liberally, "sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts." Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001).

### III.

Defendants Choate and Clingman are entitled to Eleventh Amendment immunity as both were state officials at the Oklahoma Worker's Compensation Court when plaintiff filed her worker's compensation claim. It is well-established that state officials acting in their official capacities are not "persons" under section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Because Choate and Clingman did not waive immunity or consent to suit in federal court and there has been no congressional abrogation of immunity, the Court finds that these defendants are immune from suit on plaintiff's claims for alleged violations of the Fifth, Sixth, Seventh, and Fourteenth Amendments to the Constitution. Consequently, plaintiff's claims for monetary damages against defendants Choate and Clingman must be dismissed under section 1915(e). See, e.g., McKinney v. State of Okla., Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991).

### IV.

To the extent that plaintiff seeks relief in her complaint against legal counsel for alleged violations of the Fifth, Sixth, Seventh, and Fourteenth Amendments, the Court finds that dismissal is warranted. Plaintiff has failed to allege any facts tending to show that defendants Seacat, Wyatt, Franks, or MacKenzie were "state actors." Section 1983 provides that "[e]very person who, under color of" state law, deprives another of constitutional rights shall be liable in a suit for damages. 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show in part that the alleged violation of a constitutional right was committed by a person acting under the color of state law. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988); Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995). In Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 928 (1982), the Supreme Court noted that if a defendant's conduct satisfies the requirement of "state action" under the Fourteenth

Amendment, it also satisfies the "under the color of state law" requirement for section 1983. The Lugar Court made clear that for conduct of a private party to constitute "state action" it must be "fairly attributable to the State." 457 U.S. at 937.

In this case, plaintiff has failed to allege any facts which demonstrate that the alleged conduct of Seacat, Wyatt, Franks, or MacKenzie constitutes state action. Indeed, the Tenth Circuit notes that "[t]he conduct of retained counsel does not rise to the level of state action within the meaning of section 1983." Lemmons v. Law Firm of Morris & Morris, 39 F.3d 264, 266 (10th Cir. 1994) (citing Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir. 1990)). Therefore, plaintiff's claims against Seacat, Wyatt, Franks, and MacKenzie are subject to dismissal for failure to state a claim under section 1915(e).

**V.**

No statute of limitations is expressly provided for claims under section 1983. However, the Supreme Court has held that courts must look to state law for the appropriate period of limitations in section 1983 cases. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The Tenth Circuit has stated that the appropriate period of limitations for section 1983 actions brought in the State of Oklahoma is two years, pursuant to Okla. Stat. Ann. tit. 12, § 95(3), the Oklahoma statute of limitations for personal injury claims. Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988). While state law governs limitations and tolling issues, federal law determines the accrual of section 1983 claims. Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995); Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir. 1993). A civil rights action accrues when "facts that would support a cause of action are or should be apparent." Fratus, 49 F.3d at 675 (quoting Blumberg v. HCA Management Co., 848

F.2d 642, 645 (5th Cir. 1988)).  Thus, a plaintiff must bring an action within two years of the date when facts that would support a cause of action are or should be apparent.

Plaintiff's section 1983 claims are barred by the statute of limitations.  Plaintiff filed her complaint on August 15, 2005.  Therefore, claims arising prior to August 15, 2003 are time-barred.  According to plaintiff's complaint, defendants injured her between 1991 and 1994 when they denied her a fair trial.  In supplemental pleadings, plaintiff suggests that her claims are not time-barred because the U.S. Social Security Administration relied on findings of the Oklahoma Worker's Compensation Court to determine the amount of plaintiff's disability benefits until 1997 (Dkt. # 3).  All events occurred well before August 15, 2003.  Accordingly, the Court dismisses plaintiff's complaint in its entirety under section 1915(e).

This is a final order **dismissing** this case.

**IT IS SO ORDERED** this 19th day of September, 2005.

*[signature: Claire V. Eagan]*

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT